# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**KENNY GREEN,**  CASE NO. 3:24 CV 632

    Plaintiff,

    v.  JUDGE JAMES R. KNEPP II

**NAVY FEDERAL CREDIT UNION,**

    Defendant.  **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Currently pending before the Court is Defendant Navy Federal Credit Union's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. 8)[1] to dismiss *pro se* Plaintiff Kenny Green's Complaint (Doc. 1-1). Plaintiff did not respond, and the time in which to do so has expired. *See* Local Civ. R. 7.1(d) (providing 30 days to respond to a case-dispositive motion). Jurisdiction is proper under 28 U.S.C. § 1331. For the following reasons, the Court grants Defendant's motion to dismiss.[2]

### BACKGROUND

Plaintiff's lawsuit arises from Defendant's alleged failure "to provide documentation related to accurate reporting of credit card information to EXPERIAN INFORMATION SYSTEMS, INC." (Doc. 1-1, at 8). Plaintiff claims Defendant is required, but failed, to produce and present the requested information to Plaintiff in a reasonable time. *Id.* Plaintiff alleges this failure regarded the "statement cycles" of October 2023, November 2023, and February 2024, and

---

1. Defendant filed a sealed (Doc. 8) and unsealed (Doc. 5) version of its motion to dismiss, or in the alternative, for summary judgment.
2. Because the Court finds Plaintiff has failed to state a claim upon which relief can be granted, it need not address Defendant's alternative motion for summary judgment.

that he engaged in several unsuccessful discussions with Defendant's management team to rectify the issue. *Id.*

## STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests a claim's legal sufficiency. Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a claim survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

*Pro se* litigants are given the benefit of the doubt and their pleadings are held to a less stringent standard those drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]") (internal quotations and citations omitted). However, the Sixth Circuit has clarified that leniency toward *pro se* litigants has its limits. *See Pilgrim v. Littlefield*, 92 f.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading essentials[.]" *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

**DISCUSSION**

Defendant asserts it is entitled to dismissal of Plaintiff's Complaint. First, it argues Plaintiff has not adequately plead a claim upon which relief can be granted under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Second, it asserts Plaintiff is barred from bringing this claim pursuant to a prior settlement agreement between the parties. Lastly, Defendant asserts Plaintiff's "Ohio Consumer Fair Practices Laws" should be dismissed because no such claim exists in Ohio, and because the FCRA preempts any state law claims.

FCRA

Defendant asserts Plaintiff has failed to adequately plead a claim under the FCRA because Plaintiff does not allege facts that show Defendant received notice from a Consumer Reporting Agency ("CRA") regarding the disputed information. (Doc. 8, at 5).

"The Fair Credit Reporting Act . . . regulates credit reports, provides guidelines for credit reporting agencies and entities that furnish consumer information to credit reporting agencies, and provides protections for consumers." *Ruggiero v. Kavlich*, 411 F. Supp. 2d 734, 736 (N.D. Ohio 2005); *see* 15 U.S.C. § 1681(a). "The law covers three main actors: (1) credit reporting agencies; (2) users of consumer reports; and (3) furnishers of information to credit reporting agencies." *Ruggiero*, 411 F. Supp. 2d at 736 (citing *Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 500 (W.D.Tenn. 1999)). Defendant has acknowledged it is furnisher of information. (Doc. 8, at 4).

"Under the FCRA, those who furnish information to consumer reporting agencies have two obligations: (1) to provide accurate information; and (2) to undertake an investigation upon receipt of a notice of dispute regarding credit information that is furnished." *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853 (6th Cir. 2004); *see* 15 U.S.C. § 1681s–2. The FCRA creates a

3

private right of action for consumers under § 1681s–2(b), to enforce the requirement that furnishers of information investigate upon receiving notice of a dispute, but not under § 1681s–2(a), which requires furnishers of information initially provide accurate information to CRAs. *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012).

This Sixth Circuit has consistently held consumers must file a dispute with a CRA to trigger a furnisher's duty to investigate under § 1681s–2(b). *See, e.g.*, *Merritt v. Experian*, 560 F. App'x 525, 528–29 (6th Cir. 2014) ("'Furnishers' of information to consumer reporting agencies do have certain responsibilities to investigate—but only after receiving a request from a consumer reporting agency to respond to a dispute."); *Boggio*, 696 F.3d at 615–16 ("[C]onsumers may step in to enforce their rights only after a furnisher has received proper notice of a dispute from a CRA."); *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012) ("A private cause of action against a furnisher of information does not arise until a consumer reporting agency provides proper notice of a dispute."); *Downs*, 88 F. App'x at 853–54 ("[T]he plaintiff must show that the furnisher received notice from a consumer reporting agency[.]").

Here, Plaintiff's Complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal*, as it lacks any allegation that Defendant received notice from a CRA regarding the disputed information. Plaintiff asserts Defendant furnished inaccurate information, but does not allege a CRA notified Defendant of the dispute. Moreover, Plaintiff's allegation that he engaged in discussions with Defendant's management team is insufficient to establish liability, as the statute clearly requires the furnisher be informed by a CRA, not Plaintiff. *See* § 1681s–2(b). Absent this essential element, Plaintiff's FCRA claim cannot proceed and fails as a matter of law. As a result, the Court need not address whether the aforementioned settlement agreement barred Plaintiff's claim.

4

State Law Claim

All that remains is Plaintiff's "Ohio Consumer Fair Practice Laws" claim. Defendant asserts: (1) Plaintiff failed to refer to a specific statute, and (2) the FCRA preempts any state law involving its duty to furnish information to CRAs. (Doc. 8, at 7-8).

Defendant's argument that the FCRA preempts Plaintiff's state law claim is supported by Sixth Circuit precedent:

> This Court has held that the FCRA preempts state common law claims. *Ellen Sparks v. Countrywide Homes Loans, Inc., et al.*, No. 15-6330, slip op. at 3 (6th Cir. Sep. 2, 2016) (per curiam) (holding that the FCRA preempted the plaintiff's common law negligence claim arising from the defendants' furnishing of information to credit reporting agencies); *see also Lloyd v. Midland Funding, LLC*, 639 F. App'x 301, 307 (6th Cir. 2016) (explaining that the FCRA would preempt plaintiffs' common law claims if said claims "rel[ied] on the proposition that [the defendant] was a furnisher of information" under the FCRA).

*Scott v. First S. Nat'l Bank*, 936 F.3d 509, 519 (6th Cir. 2019). Since Plaintiff's state law claim here relies on Defendant's role as a furnisher, it is preempted and must be dismissed.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Dismiss (Doc. 8) be, and the same hereby is, GRANTED.

       s/ *James R. Knepp II*
       UNITED STATES DISTRICT JUDGE

Dated: October 24, 2024